UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LUCAS A. NIEDBALSKI, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-130-PPS-AZ |
| LAPORTE COUNTY SHERIFF DEPARTMENT, et al., | |
| Defendants. | |

OPINION AND ORDER

Lucas A. Niedbalski, a prisoner without a lawyer, filed a third amended complaint seeking monetary damages from Nurse Felica Menear, Officer Joseph Maxsyan, Nurse Cheryle Strahle, Nurse Tricia Edwards, Nurse Tina LNU, Sheriff Ron Heeg, LaPorte County Sheriff's Department, and Quality Correction Health Care. ECF 25. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Niedbalski alleges that he suffers from a seizure disorder and, during a prior term of incarceration at the LaPorte County Jail, he was provided with medication for

his seizures and a pass to have a bottom bunk bed. He returned to the jail on December 23, 2023. A nurse employed by Quality Correctional Care, Felica Menear, assessed Niedbalski on December 24, 2024. She declined to prescribe Niedbalski medication for seizures, even though it had been prescribed for him when he was previously incarcerated, because he had not been taking the medication prior to his incarceration. He had instead been self-medicating with marijuana.

Inmates are entitled to constitutionally adequate medical care for serious medical conditions. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). To establish liability under the Eighth Amendment, a prisoner must show: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (citation omitted). Here, giving Niedbalski the benefit of all favorable inferences, as I must at this stage of the case, I find that he has stated a claim against Nurse Menear for denying him medication previously prescribed to treat his seizure disorder.

Niedbalski was initially able to secure a bottom bunk bed because he was housed in an area with plenty of beds. However, in January 2024, Officer Joseph Maxsyan moved Niedbalski to a different cell block, and a bottom bunk was not available.

Niedbalski wrote a pre-grievance to Officer Maxsyan on January 24, 2024. Niedbalski also told the pod officer that he suffers from seizures and needed a bottom bunk, but the pod officer told Niedbalski that, if he refused his assignment he would go to the hole.[1] Niedbalski stayed in the unit, using a top bunk, but on February 2, 2024, he had a seizure while coming down from his bunk, fell, and broke his wrist. Officer Maxsyan did not respond to Niedbalski's pre-grievance until February 6, 2024. His response indicated that the request was under review, but at that point, Niedbalski had already been injured.

Under the Eighth Amendment, deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (citation omitted). Negligence generally states no claim upon which relief can be granted in a § 1983 action. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment."); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (commenting that negligence or medical malpractice do not constitute deliberate indifference). Here, Niedbalski was injured nine days after he submitted the pre-grievance, and it is unclear when Officer Maxsyan received the pre-grievance. These facts suggest negligence, but it cannot be

---

[1] Niedbalski has not named the pod officer as a defendant in this case.

plausibly inferred that Officer Maxsyan was deliberately indifferent to Niedbalski's needs. Therefore, I will not permit Niedbalski to proceed against Officer Maxsyan.

After the fall, Niedbalski was taken to the hospital, and his wrist was placed in a splint. When he returned to the jail, he was housed in the medical unit. Niedbalski asked Officer Maxsyan for a prisoner complaint form and Officer Maxsyan provided one. Niedbalski filed a lawsuit complaining about being denied a bottom bunk and receiving inadequate care for his wrist injury, but the case was dismissed without prejudice.[2] Around March 12, 2024, Niedbalski asked Officer Maxsyan for another prisoner complaint form; Maxsyan acted like he didn't know what Niedbalski was talking about.

Niedbalski may be claiming that Officer Maxsyan attempted to deny him access to the courts by denying him a complaint form. A plaintiff may proceed on an access to courts claim only if the defendant's conduct prejudices a potentially meritorious legal claim. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006). This case was not prejudiced by Officer Maxsyan's failure to provide Niedbalski a complaint form, and Niedbalski has not pointed to any other potentially meritorious legal claim that was prejudiced by Officer Maxsyan's refusal. Therefore, I cannot let Niedbalski proceed against Officer Maxsyan on a denial of access to the courts claim.

---

[2] The amended complaint indicates that his "tort claim" was "thrown out" (ECF 25 at 2), but this appears to be a reference to his civil rights suit filed in this court being dismissed. *See Niedbalski v. LaPorte County Jail*, No. 3:24-cv-222-HAB-SLC (filed March 11, 2024, and dismissed without prejudice on March 14, 2024, because Niedbalski did not exhaust his administrative remedies before bringing his lawsuit).

On March 13, 2024, Niedbalski was moved to a mental health block. He was placed in a room by himself, but it was dirty. It took Niedbalski two days to clean the room. Officer Maxsyan then moved Niedbalski to a room with two other inmates and no bottom bunks. Niedbalski asserts that Maxsyan moved him as retaliation for filing the first lawsuit about his allegedly inadequate medical care and access to a bottom bunk. Niedbalski refused the housing assignment because his wrist was broken and because of his seizures. The pod officer said it was up to Officer Maxsyan to decide where to put Niedbalski. Niedbalski was then told to go to another room; it was also dirty. Niedbalski believes that this too was an act of retaliation. Niedbalski again refused his housing assignment. At this point, Niedbalski filed a grievance against Officer Maxsyan asserting that he had retaliated against Niedbalski. He was moved back to the medical block.

To assert a First Amendment retaliation claim, an inmate must allege: "(1) he engaged in constitutionally protected speech; (2) he suffered a deprivation likely to deter protected speech; and (3) his protected speech was a motivating factor in the defendants' actions." *Antoine v. Ramos*, 497 Fed.Appx. 631, 633 (7th Cir. 2012). The third factor requires some "causal link between the activity and the unlawful retaliation." *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020). Giving Niedbalski the benefit of all favorable inferences, I will permit him to proceed on this claim.

Once back in the medical block, around March 16, 2024, Nurse Felica Menear told Niedbalski that someone had removed the bottom bunk pass from the system. It is unclear who was responsible for removing it or when it was removed. While in the

5

medical unit, Niedbalski talked to Nurse Cheryl Strahle, Nurse Tricia Edwards, Nurse Felica Menear, and Nurse Tina about getting his seizure medication. They wanted Niedbalski to see the doctor regarding the medication, but he did not want to pay the copay. Eventually Nurse Leeza emailed the doctor and the doctor prescribed medication for his seizures. However, Niedbalski thought the dose was too high. He believed he should have been started at a lower dose and worked up. He told Nurse Tina this. Niedbalski suffered a couple seizures while housed in the medical block.

Niedbalski is not entitled to free medical care. *Poole v. Isaacs*, 703 F.3d 1024, 1026–27 (7th Cir. 2012). He also is neither "entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Therefore, delay associated with his unwillingness to pay for his care does not state a claim. Likewise, his disagreement with the doctor's medical judgment regarding the proper dose of medication does not state a claim.

From March until May, Niedbalski filed medical requests, pre-grievances, and grievances to nurses Cheryl Strahle, Tricia Edwards, and Tina about his wrist. He indicates his requests were ignored. In response to one grievance Nurse Strahle indicated she would look at Niedbalski's wrist, but she never did. Once Niedbalski was transferred to another facility, he was seen by a specialist and surgery was performed on his wrist. Giving Niedbalski the benefit of all favorable inferences, I will allow him to proceed past the screening stage on his claim that Nurse Cheryl Strahle, Nurse Tricia Edwards, and Nurse Tina were deliberately indifferent to his medical needs related to his broken wrist following his return from the hospital.

Niedbalski also names Sheriff Ron Heeg as a defendant, but he does not mention him in the body of his amended complaint. There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. Supervisors can be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012) (citation omitted). But "[p]ublic officials do not have a free-floating obligation to put things to rights . . . . no prisoner is entitled to insist that one employee do another's job." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). The amended complaint does not contain facts from which I can plausibly infer that Sheriff Heeg was deliberately indifferent to Niedbalski's safety or medical needs.

Finally, Niedbalski has sued LaPorte County Sheriff's Department and Quality Correctional Health Care ("QCC"), the private company that provided health care services to LaPorte County Jail inmates. I explained in my earlier screening order (ECF 23 at 6) that it is possible to sue a municipal entity such as a sheriff's department based on a policy, practice, or custom pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Likewise, a private company performing a State function can be held liable to the same extent as a municipal entity under *Monell*. *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) (*Monell* framework applies to private company providing medical care at correctional facility). But a corporation "cannot be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th

Cir. 2005). Rather, corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id.* (citation omitted). Niedbalski's amended complaint, like his earlier complaint, does not identify any policy that led to a violation of his constitutional rights, and I therefore cannot permit Niedbalski to proceed against the LaPorte County Sheriff's Department or QCC.

For these reasons, the court:

(1) GRANTS Lucas A. Niedbalski leave to proceed against Nurse Felica Menear in her individual capacity for compensatory and punitive damages for deliberate indifference to Niedbalski's serious medical need for treatment of his seizure disorder on December 24, 2023, in violation of the Eighth Amendment;

(2) GRANTS Lucas A. Niedbalski leave to proceed against Joseph Maxsyan for retaliating against him after Niedbalski filed a lawsuit regarding his need for a bottom bunk and care for his wrist by assigning him to filthy housing units and a unit without a bottom bunk in March 2024, in violation of the First Amendment;

(3) GRANTS Lucas A. Niedbalski leave to proceed against Nurse Cheryl Strahle, Nurse Tricia Edwards, and Nurse Tina in their individual capacities for compensatory and punitive damages for deliberate indifference to Niedbalski's serious medical needs related to his wrist injury following his return from the hospital in March, April, and May 2024, in violation of the Eighth Amendment,

(4) DISMISSES all other claims;

(5) DISMISSES Sheriff Ron Heeg, Laporte County Sheriff Department, and Quality Correction Health Care;

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Felica Menear, Nurse Cheryl Strahle, Nurse Tricia Edwards, and Nurse Tina at Quality Correctional Care, LLC, with a copy of this order and the complaint (ECF 25);

(7) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Joseph Maxsyan at LaPorte County Sheriff's Department, with a copy of this order and the complaint (ECF 25);

(8) ORDERS Quality Correctional Care, LLC and LaPorte County Sheriff's Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(9) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Joseph Maxsyan, Nurse Felica Menear, Nurse Cheryl Strahle, Nurse Tricia Edwards, and Nurse Tina to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 27, 2025.

/s/ Philip P. Simon  
JUDGE  
UNITED STATES DISTRICT COURT